IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

BRANDON NELSON,                    )
                                   )
        Plaintiff,                 )
                                   )
        v.                         )   CIVIL ACTION NO.: 3:12-CV-449-TMH
                                   )              [WO]
OFFICER MS. COOPER, *et al.*,      )
                                   )
        Defendants.                )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff filed this 42 U.S.C. § 1983 action on May 24, 2012. At the time he filed this

suit, Plaintiff was incarcerated at the Lee County Detention Center located in Opelika,

Alabama.

On May 29, 2012 the court entered an order of procedure which instructed Plaintiff,

among other things, to inform the court of any change in his address. (*Doc. No. 4*.) On

November 8, 2012 the envelope containing Plaintiff's copy of an order filed October 23,

2012 was returned to the court marked as undeliverable because Plaintiff was no longer at

the address he provided to the court when he initiated this action. Consequently, an order

was entered on November 13, 2012 directing Plaintiff to provide the court with his present

address on or before November 26, 2012. ( *Doc. No. 17*.) Plaintiff was cautioned that his

failure to comply with the court's November 13 order would result in a recommendation that

this case be dismissed. (*Id*.) Plaintiff has filed no response.

As it appears clear that Plaintiff is no longer residing at the most recent service

address he provided to the court and that he has not provided this court with a new address

for service, the undersigned concludes that dismissal of the complaint is appropriate.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case

be DISMISSED without prejudice for Plaintiff's failures to prosecute this action and to

comply with the orders of this court.

It is further

ORDERED that the parties  may file an objection to the  Recommendation on or

before **December 20, 2012**.  Any objection filed must specifically identify the findings in the

Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or

general objections will not be considered by the District Court.  The parties are advised that

this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the

Magistrate Judge's report shall bar the party from a *de novo* determination by the District

Court of issues covered in the report and shall bar the party from attacking on appeal factual

findings in the report accepted or adopted by the District Court except upon grounds of plain

error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein*

*v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th  Cir. 1982).  *See also Bonner v. City of*

*Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the

decisions of the former Fifth Circuit handed down prior to the close of business on

September 30, 1981.

Done, this 6th day of December 2012.


                             /s/Terry F. Moorer
                             TERRY F. MOORER
                             UNITED STATES MAGISTRATE JUDGE